# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| ERIC POIROUX | CIVIL ACTION NO. |
| VERSUS | 22-680-JWD-EWD |
| UNKNOWN THOMAS, ET AL. | |

## ORDER

This matter comes before the Court on the Complaint of Plaintiff Eric Poiroux ("Poiroux"), who is representing himself and who is confined at the Harmony Center in Baton Rouge, Louisiana.[1] Plaintiff filed this action pursuant to 42 U.S.C. § 1983 and alleges violations of his constitutional rights.[2]

Poiroux has not paid the $402.00 fee required to be paid to the Court for the filing of a civil case, nor has he filed an application to be permitted to proceed without prepayment of the filing fee ("IFP application").[3] Even if Poiroux did file an IFP application, it would be denied in this case.

28 U.S.C. § 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

---

[1] R. Doc. 1. It appears Poiroux is still under an order of incarceration, as the Harmony Center houses mentally ill prisoners, and Poiroux notes that he is in a "group home." R. Doc. 3. He was previously housed at the Eastern Louisiana Mental Health Facility. R. Doc. 2, p. 3. He also refers to the "boss woman" over his "D.O.H." indicating he is still incarcerated. R. Doc. 2, p. 1. To the extent Poiroux is not incarcerated, he should notify the Court.
[2] R. Doc. 1.
[3] Poiroux has filed a Motion to Inform the Court (R. Doc. 4), which appears to be letting the Court know that he has had difficulty getting his IFP application form signed. Because Poiroux's IFP application would be denied even if he can show he lacks the funds to pay the filing fee since while incarcerated he has had at least three prior cases dismissed as frivolous, malicious or for failure to state a claim, the Motion to Inform the Court will be denied.

A review of the records of this Court reflects that Poiroux has, on three or more prior occasions while incarcerated, brought actions or appeals in the federal court that have been dismissed as frivolous, malicious, or for failure to state a claim.[4]

Notwithstanding three prior "strikes," an inmate may still qualify to file a new civil action without prepayment of the filing fee if he can show imminent danger. An inmate who claims the benefit of this exception must show a risk of "serious physical injury" based on a current danger.[5] Allegations of past harm do not provide a basis to avoid application of the three-strikes rule,[6] and the possibility of serious injury at some indefinite point in the future is not the type of emergency envisioned by the imminent danger exception.[7] The imminent danger claimed by the inmate, must also be real, and not merely speculative or hypothetical.[8]

Nothing in the Complaint suggests that Poiroux is in imminent danger of serious physical injury. Indeed, Poiroux's allegations do not demonstrate danger of any injury; rather, he complains that his legal work was stolen and not transferred with him to the Harmony Center from his prior facility.[9] Considering that Poiroux complains of events that happened at a previous facility and does not allege any facts to suggest that he is in any danger of physical injury, he cannot meet the standard for imminent danger of serious physical injury, and he will be ordered to pay the required filing fee to proceed with this case.

---

[4] Case filed by Poiroux while incarcerated that have been dismissed by the federal courts as frivolous, malicious, or for failure to state a claim include, but are not limited to: *Eric Poiroux v. Bill Belt, et al.*, No. 95-2297 (W.D. La.); *Eric Poiroux v. Bill Belt, et al.*, No. 96-495 (W.D. La.); *Eric Poiroux v. Major C. Kenny, et al.*, 96-3027 (E.D. La.). Finally, a Court may take judicial notice of the record in prior related proceedings. *Missionary Baptist Foundation of America, Inc. v. Wilson*, 712 F.2d 206, 211 (5th Cir. 1983). The Court takes judicial notice of proceedings in *Eric Poiroux v. Med. Staff, et al.*, No. 18-644 (M.D. La.), R. Doc. 3, where this Court found that Poiroux had accumulated three strikes.
[5] 28 U.S.C. § 1915(g).
[6] *Banos v. O'Guin*, 144 F.3d 883, 884–885 (5th Cir. 1998).
[7] *See Heimerman v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003) (holding that "the exception refers to a 'genuine emergency' where 'time is pressing.'").
[8] *Davis v. Stephens*, No. 14–10808, 2015 WL 110445 (5th Cir. Jan. 8, 2015) (allegation that plaintiff might be seriously injured at an indefinite point in the future is insufficient to establish that he was in imminent danger of serious physical injury at the relevant times).
[9] R. Doc. 1, p. 4.

**IT IS ORDERED** that by no later than **March 15, 2023**, Plaintiff Eric Poiroux shall pay the $402.00 filing fee to the Clerk of Court. The filing fee must be paid in full in a single payment. No partial payments will be accepted.

**IT IS FURTHER ORDERED** that the Motion to Inform the Court,[10] filed by Plaintiff Eric Poiroux, which appears to be letting the Court know that Poiroux has had difficulty getting his IFP application form signed, is **DENIED**. As explained in this Order, because Poiroux has had at least three prior cases dismissed as frivolous, malicious or for failure to state a claim while he has been incarcerated and he has not shown imminent danger of serious physical injury, he is not entitled to file suit without paying the filing fee, even if he can show he lacks the funds to pay the fee.

**Failure to timely pay the Court's filing fee may result in the dismissal of this case without further notice from the Court.**

Signed in Baton Rouge, Louisiana, on February 22, 2023.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[10] R. Doc. 4.