**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **ERIC POIROUX** | **CIVIL ACTION NO.** |
| **VERSUS** | **22-680-JWD-EWD** |
| **UNKNOWN THOMAS "C.G.T." B/M, ET AL.** | |

**NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on July 10, 2023.

*[signature]*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ERIC POIROUX                                                                 CIVIL ACTION NO.

VERSUS                                                                            22-680-JWD-EWD

UNKNOWN THOMAS "C.G.T." B/M, ET AL.

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Complaint[1] of Eric Poiroux ("Poiroux"), who is representing himself, and who is currently in custody at Harmony Transitional Services in Baton Rouge, Louisiana. Pursuant to screening under 28 U.S.C. § 1915A, it is recommended that Poiroux's federal claims be dismissed for failure to state a claim upon which relief may be granted, that the Court decline to exercise supplemental jurisdiction over any state law claims, and that the case be closed. The pending motion to appoint counsel[2] will be denied based on the recommendation of dismissal for failure to state a claim and the other pending motions[3] are terminated as they do not seek relief from the Court, but the information provided was considered in connection with this Report and Recommendation.

**I.  BACKGROUND**

Poiroux filed this suit against Unknown "C.G.T. Thomas" B/M and "Unknowed Staff" (collectively "Defendants"). Poiroux claims that his legal papers were stolen by officials at St. Tammany Parish Sheriff's Office. Poiroux also says that he has other suits pending in federal courts in Louisiana related to theft of his legal papers. A review of the index for federal case filings shows that Poiroux has filed over twenty (20) lawsuits in the federal courts in Louisiana over the

---

[1] R. Doc. 1. Poiroux also filed other documents to provide additional information, which were considered amendments to his original Complaint. *See*, R. Docs. 9, 10, and 11.
[2] R. Doc. 8.
[3] R. Docs. 9, 10, & 11.

years, including at least one prior suit related, in part, to claims regarding theft of his legal papers.[4] It is not clear what relief Poiroux is seeking.[5]

## II. LAW & ANALYSIS

### A. Standard of Review

This Court is authorized to dismiss any claim by a prisoner against a governmental entity or an officer or employee of a governmental entity if the claim is frivolous, malicious, or fails to state a claim upon which relief may be granted.[6] Dismissal may be made before service of process or before any defendant has answered if the court determines that the claim or action does not pass the screening process.

To determine whether a complaint fails to state a claim under § 1915A, courts apply the same standard used for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[7] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[8] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[9] All well-pleaded facts are accepted as true and viewed in the light most favorable to the plaintiff.[10] While the screening process does give a court the rare power to 'pierce the veil' of the factual allegations,[11] pleaded facts that are merely

---

[4] *See e.g., Poiroux v. Tomas*, 21-54-SDD-SDJ, R. Doc. 1 (M.D. La.).
[5] In the Complaint, the relief sought is stated as follows: "I would like the Court's to make an note of the continus properties.")
[6] 28 U.S.C. §1915A provides for dismissal of claims by prisoners against a governmental entity or employee of a governmental entity that are frivolous, malicious, or fail to state a claim upon which relief may be granted regardless of the pauper status of the plaintiff. Although Poiroux paid the filing fee in this case, because his claims are against governmental employees, his suit is subject to screening under § 1915A.
[7] *Bazrowx v. Scott,* 136 F.3d 1053, 1054 (5th Cir. 1998) (recognizing that the standards for determining whether a complaint fails to state a claim for relief are the same under 28 U.S.C. § 1915A and Fed. R. Civ. P. 12(b)(6).
[8] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[9] *Id.*
[10] *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).
[11] *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

improbable or strange are not frivolous for purposes of screening.[12] A claim is factually frivolous only if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'"[13] A claim is also subject to dismissal if it has no legal basis, "such as if the complaint alleges the violation of a legal interest which clearly does not exist."[14]

### B. Poiroux Cannot State a Claim for His Lost Property

Poiroux alleges that his legal papers and books were stolen, however, this claim does not state a federal cause of action. Although state deprivation of property without due process can give rise to a constitutional claim, state employees who negligently, or even intentionally, deprive individuals of property do not violate the procedural requirements of federal due process if a meaningful post-deprivation remedy for the loss is available.[15] Further, the burden is on the complainant (here, Poiroux) to show that available post-deprivation remedies are not acceptable.[16] Here, Poiroux has not alleged that state post-deprivation remedies are unavailable or are inadequate. To the contrary, Louisiana law provides a basis for Poiroux to proceed against Defendants for recovery of his property or for reimbursement for its loss.[17] Accordingly, Poiroux fails to state a federal claim for alleged loss of property without due process.

---

[12] *Denton*, 504 U.S. at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992).
[13] *Denton*, 504 U.S. at 33, citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).
[14] *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998).
[15] *Hudson v. Palmer,* 468 U.S. 517, 533 (1984); *Parratt v. Taylor,* 451 U.S. 527, 542 (1981). This is commonly referred to as the "Parratt/Hudson Doctrine."
[16] *Marshall v. Norwood,* 741 F.2d 761, 764 (5th Cir. 1984). *See also, Batiste v. Lee*, No. 09-674, 2009 WL 2708111 (W.D. La. Aug. 26, 2009) (dismissing *pro se* prisoner's claims for deprivation of property as frivolous and for failing to state a claim based on the Parratt/Hudson Doctrine).
[17] *Marshall*, 741 F.2d at 763 (noting that Louisiana Civil Code article 2315 provides post-deprivation remedies for negligence or intentional torts). The Louisiana Administrative Code also has a specific procedure for inmates to make lost property claims. La. Admin. Code tit. 22, Part I(L). If it is established that the inmate's property was lost by prison officials, the inmate may recover the reasonable value of the property or may be entitled to state issued replacement property. Although Poiroux may also be making an access to courts claim because he says some of the information lost was related to his application for post-conviction relief (R. Doc. 1, p. 8), the mere fact that legal items were included in the lost property does not give rise to a federal claim for impeding access to the courts. *See Maize v. Monfra*, No. 16-15364, 2016 WL 11220807, at pp. *1 & 5 (E.D. La. Nov. 7, 2016), report and recommendation adopted, No. 16-15364, 2017 WL 2417182 (E.D. La. June 2, 2017) (dismissing as frivolous claim for lost property, including legal mail and religious items).

3

### C. Leave to Amend Should Be Denied

Although Poiroux has not asked for additional leave to amend, if requested, further leave to amend should not be allowed. First, Poiroux has filed several documents into the record after the original Complaint, which have been considered in evaluating his claims. Additionally, Poiroux cannot state a federal claim based on the facts alleged so any further amendment would be subject to dismissal.[18]

### D. Exercise of Supplemental Jurisdiction Should be Declined

To the extent that Poiroux seeks to have the Court exercise supplemental jurisdiction over potential state law claims, a district court may decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons. Having recommended that Porioux's federal claim be dismissed for failure to state a claim, it is further recommended that the exercise of supplemental jurisdiction over any potential state law claims be declined.

### **RECOMMENDATION**

**IT IS RECOMMENDED** that Eric Poiroux's federal claims for lost property be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915A for failure to state a claim, that the Court decline to exercise supplemental jurisdiction over potential state law claims, and that the case be **CLOSED**.

---

[18] *Wiggins v. Louisiana State University—Health Care Services Division*, 710 Fed. Appx. 625, 627 (5th Cir. 2017) (though ordinarily a pro se litigant should be offered an opportunity to amend his complaint before it is dismissed, granting leave to amend is not necessary if the plaintiff has already pleaded her best case or if an amendment would be futile).

4

**IT IS FURTHER RECOMMENDED** that leave to amend be **DENIED**, if requested, as Poiroux cannot state federal claim consistent with the facts alleged.

## ORDER

**IT IS ORDERED** that, considering the recommendation to dismiss Poiroux's federal claims and to decline supplemental jurisdiction over any state claims, the Motion to Appoint Counsel,[19] is **DENIED**. Poiroux's Complaint adequately explains the basis of his claims and an attorney would not be able to assist Poiroux as he cannot state a federal claim consistent with the facts alleged.

**IT IS FURTHER ORDERED** that the other pending motions[20] are terminated as moot, as they do not seek relief but merely inform the Court of additional information, such as the status of Poiroux's administrative remedy procedure, and were considered in connection with the Report and Recommendation.

Signed in Baton Rouge, Louisiana, on July 10, 2023.

*[signature]*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[19] R. Doc. 8.
[20] R. Docs. 9, 10, and 11.